IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY CURTIS MATHIS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    No. 3:12-CV-3502-L |
| | ) |
| DALLAS VA,<br>    Defendant. | )<br>) |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is the Veterans Administration ("VA"). The Court has not issued process pending judicial screening.

Plaintiff states the VA sends his prescription medicines that he did not order and sends him bills for the medicines. He states he has told the VA to stop sending him the medicines and bills, but they have not stopped. He also states that when he returns the medications, the VA does not issue him a credit on his account.

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

The Federal Tort Claims Act ("FTCA") contains a limited waiver of sovereign immunity allowing suit against the United States. *See* 28 U.S.C. § 2671, *et seq*. Under the FTCA, however, exhaustion of administrative remedies is a jurisdictional prerequisite. The FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a). In *McNeil v. United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (1995). Therefore, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." *Id*. (citing *McNeil*, 508 U.S. at 106).

In his answers to the Magistrate Judge's Questionnaire, Plaintiff states he does not know if he exhausted his administrative remedies under the FTCA. (Magistrate Judge's Questionnaire, Question No. 1). Since Plaintiff has failed to show compliance with administrative remedies, his complaint should be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed without prejudice for lack of jurisdiction.

Signed this 11th day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).